CHRISTINE NESTOR, Fla. Bar No. 597211
Email: nestorc@sec.gov
STEPHANIE N. MOOT, Fla. Bar No. 30377
Email: moots@sec.gov
Attorneys for Plaintiff
Securities and Exchange Commission
801 Brickell Avenue, Suite 1950
Miami, FL 33131
Telephone: (305) 982-6300
Facsimile: (305) 516-4154

LOCAL COUNSEL
DONALD W. SEARLES, Cal. Bar No. 135705
Email: searlesd@sec.gov
U.S. Securities and Exchange Commission
444 S. Flower St., Suite 900
Los Angeles, CA 90071
Telephone: (323) 965-3398
Facsimile: (213) 443-1904

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br>vs.<br><br>BRETT PITTSENBARGAR and MGM HOME REMODELING LLC f/k/a BP FINANCIALS, LLC d/b/a BP FINANCIALS & TAX DESIGN GROUP,<br><br>Defendants. | Case No.: 2:19-cv-10059 FMO (JCx)<br><br>**JUDGMENT AS TO DEFENDANT MGM HOME REMODELING LLC f/k/a BP FINANCIALS, LLC d/b/a BP FINANCIALS & TAX DESIGN GROUP** |

The Securities and Exchange Commission having filed a Complaint and Defendant MGM Home Remodeling LLC f/k/a BP Financials, LLC d/b/a BP Financials & Tax Design Group ("Defendant" or "BP Financials") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

1

# I.

# PERMANENT INJUNCTIVE RELIEF

## A.

### Section 5 of the Securities Act of 1933 ("Securities Act")

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## B.

### Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act")

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)] by making use of any means or instrumentality of interstate commerce or of the mails and engaging in the business of effecting transactions in securities for the accounts of others, or inducing or effecting the purchase and sale of securities, while not registered with the Commission in accordance with the provisions of Section 15(b) of the Exchange Act, or while not associated with a broker-dealer that was so registered.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

//
//
//

//

## II.

## DISGORGEMENT, PREJUDGMENT INTEREST AND CIVIL PENALTY

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the disgorgement and/or civil penalty. If disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from December 1, 2017, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties. The Commission shall bring its motion to determine the remaining claims for monetary relief against the Defendant **within thirty (30) days of the Supreme Court's decision in *Liu v. SEC*.**

//

//

## III.

### INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## IV.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## V.

### RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: February 18, 2020

_____/s/_____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE