1  CHRISTINE NESTOR, Fla. Bar No. 597211
   Email:  nestorc@sec.gov
2  STEPHANIE N. MOOT, Fla. Bar No. 30377
3  Email:  moots@sec.gov
   ANDREW O. SCHIFF, Pa. Bar No. 43641
4  Email: schiffa@sec.gov
5  Attorneys for Plaintiff
   Securities and Exchange Commission
6  801 Brickell Avenue, Suite 1950
7  Miami, FL 33131
   Telephone: (305) 982-6300
8  Facsimile: (305) 516-4154
9
   LOCAL COUNSEL
10 DONALD W. SEARLES, Cal. Bar No. 135705
11 Email: searlesd@sec.gov
   Securities and Exchange Commission
12 444 S. Flower Street, Suite 900
13 Los Angeles, CA 90071
   Telephone: (323) 965-3398
14
   Facsimile: (213) 443-1904

15

**JS-6**

16              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
17

18                                          CV 19-10059 FMO (JCx)

19   SECURITIES AND EXCHANGE
     COMMISSION,                            **FINAL JUDGMENT AS TO**
20                                          **DEFENDANT BRETT**
                    Plaintiff,              **PITTSENBARGAR**
21

22          vs.

23
     BRETT PITTSENBARGAR, et al.
24

25                  Defendants.

26

27          This cause comes before the Court upon the Unopposed Motion by Plaintiff

28   Securities and Exchange Commission for Entry of Final Judgments against Defendants

Brett Pittsenbargar and MGM Home Remodeling LLC f/k/a BP Financials, LLC d/b/a BP Financial & Tax Design Group ("Motion").  By the Consent attached hereto, and without admitting or denying the allegations of the Complaint (except as to subject matter and personal jurisdiction, which are admitted, and except as provided in paragraph III herein) Brett Pittsenbargar ("Pittsenbargar" or "Defendant") has: entered a general appearance; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment.  The Court finds that good cause exists for entry of the Final Judgment.  Accordingly, the Commission's Motion is **GRANTED**.  The Court further orders as follows:

## I.

## <u>DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY</u>

**IT IS ORDERED, ADJUDGED, AND DECREED** that Pittsenbargar is liable for disgorgement of $196,893.36 representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $37,387.32, jointly and severally with MGM Home Remodeling LLC f/k/a BP Financials, LLC d/b/a BP Financial & Tax Design Group; and a civil penalty in the amount of $100,000 pursuant to Section 20(d) of the Securities Act of 1933 ("Securities Act") and Section 21(d)(3) of the Securities Exchange Act of 1934 ("Exchange Act").  Defendant shall satisfy this obligation by paying $334,280.68 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center

Accounts Receivable Branch

1    6500 South MacArthur Boulevard

2    Oklahoma City, OK 73169

3  and shall be accompanied by a letter identifying the case title, civil action number, and

4  name of this Court; Pittsenbargar as a defendant in this action; and specifying that payment

5  is made pursuant to this Final Judgment.

6    Defendant shall simultaneously transmit photocopies of evidence of payment and

7  case identifying information to the Commission's counsel in this action.  By making this

8  payment, Defendant relinquishes all legal and equitable right, title, and interest in such

9  funds and no part of the funds shall be returned to Defendant.

10    The Commission may enforce the Court's judgment for disgorgement and

11  prejudgment interest by using all collection procedures authorized by law, including, but

12  not limited to, moving for civil contempt at any time after 30 days following entry of this

13  Final Judgment.

14    The Commission may enforce the Court's judgment for penalties by the use of all

15  collection procedures authorized by law, including the Federal Debt Collection Procedures

16  Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court

17  orders issued in this action.   Defendant shall pay post judgment interest on any amounts

18  due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The

19  Commission shall hold the funds, together with any interest and income earned thereon

20  (collectively, the "Fund"), pending further order of the Court.

21    The Commission may propose a plan to distribute the Fund subject to the Court's

22  approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair

23  Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall

24  retain jurisdiction over the administration of any distribution of the Fund and the Fund may

25  only be disbursed pursuant to an Order of the Court.

26    Regardless of whether any such Fair Fund distribution is made, amounts ordered to

27  be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the

28  government for all purposes, including all tax purposes.  To preserve the deterrent effect

of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## II.

## <u>INCORPORATION OF CONSENT</u>

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Pittsenbargar shall comply with all of the undertakings and agreements set forth therein.

## III.

## <u>BANKRUPTCY NONDISCHARGEABILITY</u>

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under

such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## IV.

## <u>RETENTION OF JURISDICTION</u>

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## V.

## <u>RULE 54(b) CERTIFICATION</u>

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**IT IS SO ORDERED**, this 21st day of January, 2021.

_____/s/_____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE